# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

TIMOTHY FLYNN, )
)
   *Plaintiff*, )    Case No. 1:25-cv-192
)
v. )    Judge Atchley
)
COTY HOLLAND, )    Magistrate Judge Steger
)
   *Defendant*. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Flynn, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") housed at the Bledsoe County Correctional Complex ("BCCX") during all relevant times, was permitted to proceed in this civil rights action under 42 U.S.C. § 1983 on a claim that Defendant Coty Holland ("Defendant") retaliated against Plaintiff. [Doc. 5 at 14].

Before the Court is Defendant's motion for summary judgment, in which Defendant maintains Plaintiff failed to exhaust his available administrative remedies prior to filing the instant action. [Doc. 25]. The motion is accompanied by a statement of undisputed material facts [Doc. 27], an exhibit [Doc. 27-1], and a supporting memorandum [Doc. 26]. Plaintiff has failed to respond to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Consistent with the Court's Local Rules, the Court finds Plaintiff has waived opposition to the sought relief. *See* E.D. Tenn. L.R. 7.2. And upon consideration of the Parties' pleadings, the evidence presented, and the applicable law, the Court finds Defendant's motion [Doc. 25] should be **GRANTED** and this action **DISMISSED**.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists, and the

movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

A plaintiff's failure to exhaust administrative procedures is an affirmative defense for which a defendant bears the burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). And "[i]n cases where the party moving for summary judgment also bears the burden of persuasion at trial, the party's initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.* at 455–56 (citing *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (internal quotation marks omitted)). Accordingly, when non-exhaustion is raised as a defense, "[s]ummary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Id.* at 456 (citing *Risher v. Lappin*, 649 F.3d 236, 240 (6th Cir. 2011)).

## II.     UNDPISUTED EVIDENCE[1]

On June 24, 2024, Plaintiff and other inmates were participating in a "sit down" by refusing to leave BCCX's dining hall when the "green team" came in "screaming" and ordered the inmates to leave. [Doc. 1 at 1]. As Plaintiff was leaving, he told his cellmate, "I am going to call my attorney." [*Id.* at 1–2]. Defendant Holland "jerked" Plaintiff out of line and said, "[Y]ou want to call a[n] attorney b*tch, I will give you a reason to." [*Id.* at 2]. Plaintiff was then charged with the disciplinary offense of participating in a riot in retaliation for stating his intention to call an attorney [*Id.*].

---

[1] Because Plaintiff's complaint is sworn under penalty of perjury, the Court treats it as an opposing affidavit [Doc. 1 at 3]. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (recognizing that a "verified complaint . . . carries the same weight as would an affidavit for the purposes of summary judgment").

The TDOC developed a formal grievance procedure that is set forth in TDOC policy 501.01 and explained in the TDOC Inmate Grievance Procedures Handbook. [Doc. 27-1 at ¶ 4]. Under the policy, a "grievance" is a written complaint about a policy, behavior, incident, or condition within the TDOC that personally affects the inmate. [*Id.* at ¶ 9]. Grievance forms are available in each housing unit and are given to any inmate upon request. [*Id.* at ¶¶ 7, 10]. Forms are collected daily from locked depositories on each unit. [*Id.* at ¶ 10]. Inmates who are housed in segregation may give their completed grievance forms to any staff member, and that staff member must deposit the grievance in the depository the same day. [*Id.* at ¶ 11]. Inmates requiring assistance to prepare and file a grievance or appeal may request the assistance of an advocate. [*Id.* at ¶ 12].

"The TDOC grievance review procedure is a three-step process." [*Id.* at ¶ 13]. "An inmate initiates the process by submitting a written grievance form within seven days of the complained-of incident." [*Id.*]. All grievances filed by TDOC inmates are assigned a grievance number, and grievance records are maintained on the Tennessee Offender Management Information System's ("TOMIS") database. [*Id.* at ¶¶ 14, 15]. After the grievance committee chairperson logs the grievance as received, he or she forwards it to the employee or department involved for a response, and that response is reviewed by the chairperson, who also provides a written response. [*Id.* at ¶ 13, p. 8]. If the inmate accepts the first-level response, the matter is considered resolved. [*Id.* at ¶ 13]. If the inmate does not agree, he may appeal the response to the grievance committee and warden. [*Id.*]. The grievance committee will then issue a proposed response that is forwarded to the warden, who reviews the committee's response and provides a response of agreement or disagreement. [*Id.*].

If the inmate agrees with the warden's decision, the matter is considered resolved. [*Id.*]. But if the inmate disagrees, he may proceed to step three and appeal to the Assistant Commissioner of Operations or his/her designee. [*Id.* at 9]. The Assistant Commissioner's response shall be

3

returned to the grievance chairperson within twenty-five (25) working days from the date the appeal was received. [*Id.*]. This response is final and no longer subject to additional appeals, thus concluding the TDOC grievance procedure. [*Id.*].

Plaintiff never filed a grievance concerning any alleged retaliation by Defendant. [Doc. 27-1 at 16, p. 41]. In fact, the only grievance Plaintiff filed in TDOC custody was filed more than five years before the incident giving rise to this suit. [*Id.*].

## III. LAW & ANALYSIS

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The requirements of exhaustion are not set out in the PLRA itself. Rather, to satisfy the exhaustion requirement, an inmate must properly complete the grievance procedures put forward by his correctional institution, including any procedural rules and deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Jones v. Bock*, 549 U.S. 199, 218 (2007) ("It is the prison's requirements . . . that define the boundaries of proper exhaustion.").

Moreover, exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process. *See Ross v. Blake*, 578 U.S. 632, 641 (2016). Therefore, "exhaustion is required even if the prisoner subjectively believes the remedy is not available; even when the state cannot grant the particular relief requested; and 'even where [the prisoners] believe the procedure to be ineffectual or futile[.]'" *Napier v. Laurel Cnty.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal citations and citations omitted).

Once a defendant has demonstrated that there was a generally available administrative remedy that the plaintiff did not exhaust, "the burden shifts to the prisoner to come forward with

evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (citation omitted); *see also Napier*, 636 F.3d at 225–26 (finding once defendants put forth evidence of a valid administrative process, plaintiff must present evidence to rebut the availability of that remedy to defeat motion for summary judgment); *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) ("Once a defendant proves that a plaintiff failed to exhaust, however, the onus falls on the plaintiff to show that remedies were unavailable to him[.]").

Here, Plaintiff does not allege that he pursued the TDOC grievance process regarding a claim that Defendant retaliated against him, and the competent evidence demonstrates that no such grievance was filed. Accordingly, there is no genuine dispute that Plaintiff failed to exhaust the available TDOC administrative procedures regarding this issue, and Defendant is entitled to summary judgment.

## IV. CONCLUSION

For the reasons set forth above, Defendant's summary judgment motion [Doc. 25] is **GRANTED**, and this action will be **DISMISSED without prejudice**.

The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, and therefore, Plaintiff is **DENIED** leave to proceed *in forma pauperis* should he choose to appeal. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**